```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

vs.                        Case No.   2:04-cv-105-FtM-29DNF

KS ADVISORS, INC., KS CONDOR PARTNERS, LTD, II, DAMIAN PARTNERS, LLC, SCOTT FINE, KEVIN BOYLE,

                Defendants.

_____

## **ORDER**

     This matter comes before the Court on the Receiver's Motion for Order Requiring Dismissal of Lawsuit (Doc. #134), filed on April 28, 2005. Defendant Scott M. Fine filed a Memorandum of Law in Opposition (Doc. #145) and Index to Exhibits (Doc. #147) on June 23, 2005. The Receiver seeks to have the Court compel defendant Scott Fine to withdraw his lawsuit against First Southwest Corporation, Case No. 2:05-cv-239-FTM-29SPC, which was removed from state court on May 18, 2005, because the lawsuit interferes with the Receiver's exclusive control over causes of action held by the Receivership entities.

    The Receiver states that First Southwest Corporation is a securities firm that provided custody and clearing services to the Receivership entities KS Advisors, Condor, Damian, and Kesco ("Receivership entities" collectively) from October 2000 through February 2004. The Receiver argues that Scott Fine has no standing

to bring the Counts as the clearing agreements were signed by Mr. Fine in his corporate capacity and not his personal capacity.[1] The Receiver argues that the lawsuit must be dismissed because it "hinders, interferes with, and obstructs the Receiver's ability to pursue causes of action against [First Southwest Company]," and the Receiver is currently investigating whether it is in the interests of the estate to pursue claims against First Southwest Company. Scott Fine has filed a response arguing that First Southwest Company is not a Receivership entity and that the damages sought are personal to him and do not interfere with the rights of the Receivership entities. Scott Fine indicates that any recovery will be paid to the investors of the Receivership entities and that he is willing to "assist" the Receivership.

It is clear that First Southwest Company is not a Receivership entity as envisioned by the Order Appointing Receiver (Doc. #9) wherein the Receiver was appointed "for KS Advisors, Inc., KS Condor Partners, Ltd., II, and Damian Partners, LLC, their subsidiaries, successors and assigns." It is also apparent that the Receiver and Scott Fine share the same interests such that any recoverable damages will benefit the Receivership entities and investors regardless of who initiates the lawsuit against First Southwest Company. As the Court finds no violation of the Order

---

[1] The Court would note that the complaint against First Southwest Corporation was amended to eliminate references to the entities and to eliminate the representation that Scott Fine was the Vice President of KS Advisors.

Appointing Receiver (Doc. #9) or Judgment of Permanent Injunction and Other Relief Against Defendant Scott Fine (Doc. #62), the Receiver has failed to show that its control over the Receivership entities is threatened or that Scott Fine's initiation of the lawsuit interferes with the Receivership.

Accordingly, it is now

**ORDERED**:

The Receiver's Motion for Order Requiring Dismissal of Lawsuit (Doc. #134) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of July, 2005.

                                                                           _____
                                                                           JOHN E. STEELE
                                                                           United States District Judge

Copies:
Counsel of record