UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

vs.                        Case No.  2:04-cv-105-FtM-29DNF

KS ADVISORS, INC., KS CONDOR
PARTNERS, LTD, II, DAMIAN PARTNERS,
LLC, SCOTT FINE, KEVIN BOYLE,

                Defendants.
_____

## OPINION AND ORDER

      This matter comes before the Court on Plaintiff Securities and Exchange Commission's (SEC's) Motion for Final Judgment Setting Disgorgement and Civil Penalties Against Defendants Scott Fine and Kevin Boyle (Doc. #170), filed on October 4, 2005. Defendant Fine filed a Memorandum of Law In Opposition (Doc. #174) to the SEC's motion on October 19, 2005. On October 27, 2005, the Court filed an Order (Doc. #176) setting the matter for an evidentiary hearing. Defendant Boyle filed a letter response (Doc. #192) to the SEC's Motion dated January 16, 2005. Also before the Court is the Receiver's Joinder in SEC's Motion for Final Judgment Setting Disgorgement and Civil Penalties Against Defendants' Scott Fine and Kevin Boyle (Doc. #184). The Court conducted the evidentiary hearing on January 17, 2006.

**I.**

Defendant Scott Fine (Fine), while represented by counsel, agreed to a Judgment of Permanent Injunction and Other Relief Against Defendant Scott Fine (Doc. #62)(the Fine Judgment), which was filed with the Court on May 25, 2004.  As to <u>disgorgement</u>, the pertinent portion of the Fine Judgment provides that Fine "shall disgorge, with prejudgment interest, all ill-gotten profits or proceeds that he received, directly or indirectly, as a result of the acts or courses of conduct described in the Complaint." (Doc. #62, § IV).  The Fine Judgment further provided that if the dollar amount of the disgorgement was not agreed upon, the parties agreed that the amount would be decided by the Court upon motion by the SEC.  In this regard, the parties agreed: "Defendant may not, by way of defense to such motion, challenge or otherwise contest the allegations in the Complaint, [which] shall be deemed true by the Court for purposes of this motion."  The Fine Judgment agreement continued: "Nothing in this Judgment shall prevent Defendant from presenting evidence regarding the amount of disgorgement sought by the Commission in such motion."  <u>Id.</u>

In the Fine Judgment defendant Fine also agreed to pay an amount of <u>civil penalties</u> "in connection with the activities described in the Complaint, which shall be determined by the Court upon the Commission's motion." (#62, § V).  In this regard, the parties agreed: "Defendant may not, by way of defense to such motion, challenge or otherwise contest the allegations in the

Complaint, which shall be deemed true by the Court for purposes of this motion." The agreement continued: "Nothing in this Judgment shall prevent Defendant from presenting evidence of factors mitigating against the imposition of a civil penalty, or its amount."[1]

Defendant Kevin Boyle, proceeding *pro se*, agreed to a Judgment of Permanent Injunction and Other Relief Against Defendant Kevin Boyle (Doc. #61)(the Boyle Judgment), which was entered on May 25, 2004. As to <u>disgorgement</u>, the pertinent portion of the Judgment provides that Boyle "shall disgorge, with prejudgment interest, all ill-gotten profits or proceeds that he received, directly or indirectly, as a result of the acts or courses of conduct described in the Complaint." (Doc. #61, § IV). If the dollar amount of the disgorgement was not agreed upon, the parties agreed that the amount would be decided by the Court upon motion by the SEC. In this regard, the parties agreed: "Defendant may not, by way of defense to such motion, challenge or otherwise contest the allegations in the Complaint, which shall be deemed true by the Court for purposes of this motion." The agreement continued: "Nothing in this Judgment shall prevent Defendant from presenting evidence regarding the amount of disgorgement sought by the Commission in such motion." <u>Id.</u>

---

[1]To the extent that Fine argues he should be relieved of his obligations under the consent Final Judgment, the Court finds no factual or legal reason to do so.

In the Judgment Boyle also agreed to pay an amount of <u>civil</u> <u>penalties</u> "in connection with the activities described in the Complaint, which shall be determined by the Court upon the Commission's motion." (#61, § V).  In this regard, the parties agreed: "Defendant may not, by way of defense to such motion, challenge or otherwise contest the allegations in the Complaint, which shall be deemed true by the Court for purposes of this motion."  The agreement continued: "Nothing in this Judgment shall prevent Defendant from presenting evidence of factors mitigating against the imposition of a civil penalty, or its amount."

## II.

"The SEC is entitled to disgorgement upon producing a reasonable approximation of a defendant's ill-gotten gains." <u>Securities & Exch. Comm. v. Calvo</u>, 378 F.3d 1211, 1217 (11th Cir. 2004).  The burden then shifts to defendant to demonstrate that the SEC's estimate is not a reasonable approximation.  <u>Id</u>. at 1217. "The SEC's burden for showing the amount of assets subject to disgorgement . . . is light: 'a reasonable approximation of a defendant's ill-gotten gains [is required] . . . Exactitude is not a requirement.'" <u>Securities & Exch. Comm. v. ETS Payphones, Inc.</u>, 408 F.3d 727, 735 (11th Cir. 2005)(quoting <u>Calvo</u>, 378 F.3d at 1217).

The Court finds that the SEC has established beyond any doubt that the ill-gotten profits or proceeds that Fine received, directly or indirectly, as a result of the acts or courses of

conduct described in the Complaint, were conservatively $1,180,262.00, and that defendant Fine has not demonstrated that this amount is not a reasonable estimate.  The Declaration of Maria M. Yip and supporting materials sets forth the basis for this amount, and the amounts admitted by Fine in his answers to interrogatories and deposition support this amount or more, and no credible evidence presented at the evidentiary hearing undermines the reliability of this amount.

The Court further finds that the SEC has established beyond any doubt that the ill-gotten profits or proceeds that Boyle received, directly or indirectly, as a result of the acts or courses of conduct described in the Complaint, were $638,742.00, and that Boyle has not demonstrated that this amount is not a reasonable estimate.   The Declaration of Maria M. Yip and supporting material set forth the basis for this amount, and Boyle's letter submission to the Court stated that he did not contest the dollar amount determined by the SEC.

### III.

As noted earlier, the judgment agreements of both defendant Fine and defendant Boyle agree to pay pre-judgment interest on all ill-gotten profits or proceeds that they individually received, directly or indirectly, as a result of the acts or courses of conduct described in the Complaint.  To award such pre-judgment interest the Court must establish the judgment amount, the prejudgment interest rate, and the date from which prejudgment

interest accrues.   Securities & Exch. Comm. v. Carrillo, 325 F.3d 1268, 1272 (11th Cir. 2003).

The Court finds that the SEC has established beyond any doubt that the amount of prejudgment interest as to defendant Fine is conservatively $69,439.00.   The Court adopts the calculation submitted by the SEC.   (Doc. #170, Ex. 2).   This prejudgment interest amount is conservative since it does not extend through the date of the judgment; the SEC stated at the evidentiary hearing, however, that this was all the prejudgment interest being sought.

The Court finds that the SEC has established beyond any doubt that the amount of prejudgment interest as to defendant Boyle is $37,579.00.  The Court adopts the calculation put forth by the SEC. (Doc. #170, Ex. 3).   This prejudgment interest amount is conservative for the same reason as with defendant Fine.

**IV.**

Civil penalties are divided into a three-tier system, whereby the first tier allows an amount, for each violation, not to exceed the greater of $5,000 or the "gross amount of pecuniary gain to the defendant as a result of the violation;" and the third tier provides for the greater of $100,000 for a natural person, or

the gross amount of pecuniary gain to such defendant as a result of the violation, if --

(I) the violation described in paragraph (1) involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement; and

-6-

> (II) such violation directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons.

15 U.S.C. § 77t(d)(2)(A), (C). The SEC suggests the imposition of $110,000 per violation (third-tier plus statutory adjustment for inflation) or $1,180,262.00 against Fine and $638,742 against Boyle, representing the gross amount of pecuniary gain. The Receiver has filed a Joinder also supporting the imposition of third-tier civil penalties.

Taking all factual allegations in the Complaint as true, the Court finds that the conduct of defendants Fine and Boyle involved fraud and deceit, and that their reckless disregard of the securities laws caused direct or indirect and substantial losses to investors.[2] As a result, the Court finds that the imposition of civil penalties under the third tier are appropriate. The Court also finds that, having determined the gross amount of pecuniary gain to be sound, that a civil penalty in the same amount is also appropriate and within the Court's discretion. Therefore, the Court will impose a civil monetary penalty in the amount of

---

[2]Defendants managed hedge funds which offered investors escalating returns and boasted increasing profits. In actuality, the funds suffered massive losses exceeding $4 million. These losses were not reported to the investors, and in fact, defendants continued to send investors "glowing reports." Defendants also charged management fees based on false, inflated net asset values; charged undisclosed and excessive fees based on sales commissions; and reported false and inflated gains in Schedule K-1 of IRS Form 1065s. See Complaint, Doc. #1.

-7-

$1,180,262 against defendant Fine and $638,742 against defendant Boyle.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.    Plaintiff SEC's Motion for Final Judgment Setting Disgorgement and Civil Penalties Against Defendants Scott Fine and Kevin Boyle (Doc. #170) is **GRANTED** as provided above.

2.   The Receiver's Joinder in SEC's Motion for Final Judgment Setting Disgorgement and Civil Penalties Against Defendants' Scott Fine and Kevin Boyle (Doc. #184) is **GRANTED** as provided above.

3.   The Clerk of the Court shall enter the pre-prepared, attached Supplemental Final Judgment Setting Disgorgement and Civil Penalties Against Defendants Scott Fine and Kevin Boyle.

**DONE AND ORDERED** at Fort Myers, Florida, this ___6th___ day of February, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Receiver
Counsel of record
Kevin Boyle

-8-